IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARK VOELKER,<br><br>                    Plaintiff,<br><br>          vs.<br><br>BNSF RAILWAY COMPANY, a<br>Delaware corporation,<br><br>                    Defendant. | CV 18–172–M–DLC<br><br><br>ORDER |

      The Court held a status conference in this matter on December 8, 2020. (Doc. 121.)  During this conference, the parties raised various issues regarding the manner and scope of the depositions yet to be taken in this matter.  Specifically, the parties raised issues regarding whether the 30(b)(6) depositions previously ordered by this Court (Doc. 92 at 26–32) should be conducted in panel or individual form and whether the deposition of Linda Harvey (Doc. 109 at 24–25) is properly limited in either time or subject.

      The apparent crux of the parties' disagreements, however, stems from their inability to reach mutually agreeable dates for conducting the remaining depositions in this matter.  The Court appreciates the difficulties attendant to scheduling depositions, such as competing priorities, unforeseen circumstances, impending deadlines, and preexisting conflicts.  Ultimately, however, this is an

1

issue that must be resolved by the parties and is not the proper subject of judicial inquiry.

The Court is simply not equipped to resolve scheduling disputes. But it remains confident that counsel of record is up to the task, even if it means abandoning prior commitments, a deponent missing a day of work, or a deposition beginning in the afternoon and extending into the evening. As the parties are aware, critical deadlines have already been extended in this matter and their expiration grows nearer by the day. (Doc. 118.) The remaining discovery must be completed, motions filed, and pre-trial matters accomplished with the haste expected from parties whose trial setting is just two months away. The Court also needs adequate time to rule on the anticipated cross-motions for summary judgment before the currently scheduled final pretrial conference on February 12, 2021.

With respect to the issues raised at the status conference that are resolvable by this Court, it reaches the following conclusions. First, the Court declines to permit the 30(b)(6) depositions in this matter to be taken in panel form. Each of BNSF's 30(b)(6) deponents shall appear individually. Second, the Court finds that Mr. Voelker, as opposed to BNSF, is entitled to dictate the order in which such 30(b)(6) depositions occur. Third, the Court, having previously imposed no subject limitations on Ms. Harvey's deposition, declines to do so here. Mr.

Voelker is entitled to depose Ms. Harvey on all **discoverable** matters. Finally, the Court is persuaded by Mr. Voelker's argument that, given Ms. Harvey's more substantial participation in the events underlying this matter as compared to prior cases, the Court's previously imposed temporal limitation as to her deposition ought to be reconsidered. The Court will increase the duration of Ms. Harvey's deposition from two to five hours.

Accordingly, IT IS ORDERED that the 30(b)(6) depositions previously ordered by this Court (Doc. 92 at 26–32) shall be conducted in individual, rather than panel form. This means the respective 30(b)(6) deponents shall appear individually to testify as to the respective topics for which they have been designated.

IT IS FURTHER ORDERED that Mr. Voelker shall be permitted to dictate the sequence in which such 30(b)(6) deponents are subjected to oral examination.

IT IS FURTHER ORDERED that the deposition of Ms. Harvey previously ordered by this Court (Doc. 109 at 24–25) shall extend to all properly discoverable matters.

IT IS FURTHER ORDERED that the Court amends its prior Order (*Id.*) to permit Ms. Harvey's deposition to last up to 5 hours.

DATED this 8th day of December, 2020.

_____
Dana L. Christensen, District Judge
United States District Court